UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESUS RODRIGUEZ MAGALLON, ) | |
| ) | No. CV-10-3078-JPH |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT'S |
| v. ) | MOTION FOR SUMMARY JUDGMENT |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on December 9, 2011 (ECF No. 13, 18). Attorney Thomas A. Bothwell represents Plaintiff; Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge (ECF No. 6). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 18) and **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 13).

**JURISDICTION**

Plaintiff protectively filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) on March 13, 2007, alleging disability as of September 24, 2006 (Tr. 181-187). The applications were denied initially and on

reconsideration (Tr. 81-84, 86-89).

At a hearing before Administrative Law Judge (ALJ) R. J. Payne on May 18, 2010, plaintiff, represented by counsel, and a medical expert testified (Tr. 42-66). On May 20, 2010, the ALJ issued an unfavorable decision (Tr. 17-26). The Appeals Council denied  review on August 24, 2010 (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 17, 2010 (ECF No. 2, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized as necessary to understand the court's decision.

Plaintiff was 43 years old at onset. He did not attend school in the United States and grew up in Mexico (Tr. 215). Plaintiff lives with his spouse and children (Tr. 217). He has worked as a field worker, and last worked in September 2006 (Tr. 197, 209). Activities include driving, shopping with rests, and occasionally cooking (Tr. 219, 220).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 2 -

also provides that a Plaintiff shall be determined to be under a
disability only if any impairments are of such severity that a
plaintiff is not only unable to do previous work but cannot,
considering plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9ᵗʰ Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person
is engaged in substantial gainful activities. If so, benefits are
denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,
the decision maker proceeds to step two, which determines whether
plaintiff has a medically severe impairment or combination of
impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied. If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1. If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 3 -

determines whether the impairment prevents plaintiff from
performing work which was performed in the past. If a plaintiff is
able to perform previous work, that Plaintiff is deemed not
disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At
this step, plaintiff's residual functional capacity (RFC)
assessment is considered. If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work. The burden
then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a
Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 4 -

Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
"The [Commissioner's] determination that a plaintiff is not
disabled will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is
more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
1119 n. 10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
573, 576 (9th Cir. 1988). Substantial evidence "means such
evidence as a reasonable mind might accept as adequate to support
a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
(citations omitted). "[S]uch inferences and conclusions as the
[Commissioner] may reasonably draw from the evidence" will also be
upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On
review, the Court considers the record as a whole, not just the
evidence supporting the decision of the Commissioner. *Weetman v.
Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v.
Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to
resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If
evidence supports more than one rational interpretation, the Court
may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
(9th Cir. 1984). Nevertheless, a decision supported by substantial
evidence will still be set aside if the proper legal standards
were not applied in weighing the evidence and making the decision.
*Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,

433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff was insured for DIB purposes through December 31, 2012 (Tr. 17, 19). At step one, ALJ Payne found plaintiff did not engage in substantial gainful activity after onset (Tr. 19). At steps two and three, he found plaintiff suffers from morbid obesity, hypothyroidism, hypercholesterolemia, asthma, Bell's palsy, and musculoskeletal pain, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 19-20). The ALJ found plaintiff less than completely credible (Tr. 21). At step four, he found plaintiff's RFC for a range of light work precludes any past relevant work (Tr. 25). At step five, relying on the Grids, the ALJ found plaintiff was not disabled as defined by the Act at any time from onset through the decision date of May 20, 2010 (Tr. 26).

**ISSUES**

Plaintiff contends the ALJ erred when weighing the medical evidence, assessing credibility, and relying on the Grids at step five (ECF No. 14 at 6). The Commissioner responds that the ALJ's decision is supported by substantial evidence and free of legal error. He asks the Court to affirm (ECF No. 19 at 2).

**DISCUSSION**

**A. Credibility**

The ALJ found plaintiff less than fully credible. Credibility

determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

The ALJ relied on contradictory objective medical evidence, statements indicating "a strong disability conviction rather than truly disabling impairments," self-reported activities indicating complaints of disabling limitations are less than credible, and unexplained noncompliance with medical treatment (Tr. 21-24).

Plaintiff alleges the ALJ's reasons are not clear and convincing (ECF No. 14 at 18). The Commissioner disagrees (ECF No. 19 at 11-13).

The Commissioner is correct.

*Objective medical evidence*. The ALJ relied on the opinion of examining physician Marie Ho, M.D., and of testifying physician Arthur Lorber, M.D. (Tr. 23-24). Their opinions do not support the degree of disabling limitation plaintiff alleges. Although an ALJ may not reject a claimant's subjective complaints based solely on the lack of medical evidence, it is a factor the ALJ can consider. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005), citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991). Here, ALJ Payne relied on more than the lack of objective evidence.

*Disability conviction*. On June 13, 2006 [3 months before onset], plaintiff asked treatment provider Juliet Capp, MSN, ARNP, if he could be found disabled based on hyperlipidemia and hypothyroidism. She answered that given his age and medical problems, he was unlikely to qualify (Tr. 325). On March 9, 2007,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 7 -

plaintiff asked her to endorse disability. She replied that a lot of people walk around with his conditions (hypothyroidism, knee pain, asthma, and hyperlipidemia)(Tr. 319). On April 25, 2007, he again said he wanted to be on disability. Ms. Capp recommended exercise and weight loss instead (Tr. 309). On May 18, 2007, plaintiff asked for a "disability paper" (Tr. 307). Two months before the hearing, at his second appointment with Amra Nasir, M.D., plaintiff asked Dr. Nasir to speak with Mr. Magallon's attorney about disability. Dr. Nasir declined (Tr. 435).

_Activities_. During the relevant period of September 24, 2006, through May 20, 2010, plaintiff traveled by car to Mexico four or five times, a trip of at least 24 hours. He attended church twice a week, took his children to school, and attended his daughter's tennis matches. Plaintiff told treating Dr. Waber he would be visiting family in California in August 2009 (Tr. 381). It is well-established that the nature of daily activities may be considered when evaluating credibility. _Fair v. Bowen_, 885 F.2d 597, 603 (9th Cir. 1989).

_Noncompliance with medical treatment_. The ALJ notes plaintiff stopped taking thyroid medication for four months and said he did not remember taking any medication for high cholesterol. According to treatment provider Coreen Slobig, ARNP, plaintiff was difficult to treat because he failed to keep appointments and independently stopped taking prescribed medications (Tr. 386, 438). When Dr. Nasir suggested plaintiff undergo physical therapy, he declined. Unexplained noncompliance with medical care casts doubt on a claimant's subjective complaints. _Fair,_ 885 F.2d at 603.

The record supports the ALJ's reasons.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 8 -

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). A documented motivation to secure Social Security benefits is properly considered when assessing credibility. *See Matney o/b/o Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). Although the evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner where, as here, proper legal standards were applied in weighing the evidence and making the decision. *See Brawner*, 839 F.2d at 433; *Sprague*, 812 F.2d at 1229-

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 9 -

1230.

**B. Weighing medical evidence**

Plaintiff alleges the ALJ failed to properly credit the opinions of Drs. Staley, Fuller, and Lopez. He incorrectly describes them as treating and examining providers (ECF No. 14 at 10-14). Drs. Staley and Fuller are consulting, not treating or examining, doctors. Dr. Lopez is a doctor who treated plaintiff in Mexico (Tr. 315-316).

Plaintiff alleges the ALJ failed to give enough credit to the opinions of Drs. Staley and Fuller (ECF No. 14 at 11). Defendant responds that the ALJ properly gave greater weight to examining doctor Marie Ho, M.D.'s, opinion (ECF No. 19 at 7-9). The Commissioner is correct. The opinions of examining doctors are entitled to greater weight than those of agency reviewing doctors. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

The ALJ additionally credited Dr. Lorber's opinion, because he had the advantage of current x-rays unavailable to Dr. Ho at the time of her examination.

Next, Plaintiff alleges the ALJ failed to properly credit treating Dr. Lopez's opinion (ECF No. 14 at 122-14). Defendant responds that the ALJ's reasons for giving it little weight are sufficient (ECF No. 19 at 9-10).

The ALJ discredited Dr. Lopez's contradicted opinion because: (1) whether he is a medical doctor under Mexico['s] standards is not verifiable, whereas the qualifications of the other doctors in the record are verifiable; (2) Dr. Lopez wrote a letter but did not attach any medical records detailing his findings; (3) if, as alleged, Dr. Lopez treated plaintiff for three years, supporting

medical records should be available; and (4) plaintiff testified
he visited Mexico 4-5 times in the past four years, indicating he
did not see Dr. Lopez regularly (*see* Tr. 22-23).

The ALJ's reasons are specific, legitimate, and supported by
substantial evidence. *See e.g., Bayliss v. Barnhart*, 427 F.3d
1211, 1216 (9th Cir. 2005)(an ALJ may properly reject any medical
opinion that is brief, conclusory, and inadequately supported by
clinical findings). Plaintiff alleges the ALJ should have
contacted Dr. Lopez for further information. This claim fails. The
ALJ's duty is triggered only if a doctor's report is ambiguous or
insufficient for determining disability. *Id.*, at 1217. Neither
situation is presented here.

Plaintiff further alleges the ALJ should have credited his
complaints of fatigue. The ALJ correctly observes Dr. Lopez
assessed fatigue associated with plaintiff's thyroid condition
(Tr. 22); however, as noted, the ALJ gave legitimate reasons for
rejecting this opinion, particularly the lack of any supporting
findings. The ALJ was also not required to credit plaintiff's
self-report since he correctly found Mr. Magallon less than fully
credible.

**C. Step five**

Plaintiff alleges the ALJ erred at step five by failing to
identify specific jobs Mr. Magallon can perform (ECF No. 14 at 18-
20). Defendant responds that the ALJ properly relied on the Grids
at step five (rather than a VE) because plaintiff's assessed
nonexertional limitations do not significantly erode the
occupational base (ECF No. 19 at 13-16, referring to Tr. 25).

The Commissioner is correct. *See e.g.*, SSR 83-14 (listing

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 11 -

examples of nonexertional limitations or restrictions which have very little or no effect on the unskilled light occupational base, including some assessed by ALJ Payne). *See also* SSR 96-9p (similar). The Grids do not apply when a claimant suffers *solely* nonexertional impairments; however, Mr. Magallon's assessed RFC includes both exertional and non-exertional limitations. Significantly, plaintiff's assessed nonexertional limitations or restrictions do not significantly erode the unskilled light occupational base. Accordingly, the ALJ properly relied on the Grids (Rule 202.16) when he found plaintiff was not disabled as defined by the Act. When the Grids dictate a finding of "not disabled," the ALJ is not required to specify the jobs a plaintiff is able to perform because the Grids amount to an administrative finding that a significant number of jobs exist.

Plaintiff is correct that the ALJ did not schedule a vocational expert to testify at the hearing. However, this fact alone does not indicate that the ALJ had already made a disability determination before the hearing, as plaintiff suggests. Rather, and just as common, the ALJ may have elected to take the lay and medical testimony first, and later schedule a supplemental hearing to take a VE's testimony if needed.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 12 -

1  ALJ, even if it might justifiably have reached a different result
2  upon de novo review. 42 U.S.C. § 405 (g).

3      After review the Court finds no error in the ALJ's step five
4  determination.

5                          **CONCLUSION**

6      Having reviewed the record and the ALJ's conclusions, this
7  court finds that the ALJ's decision is free of legal error and
8  supported by substantial evidence.

9      **IT IS ORDERED:**

10     1. Defendant's Motion for Summary Judgment **(ECF No. 18)** is
11 **GRANTED.**

12     2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is
13 **DENIED.**

14     The District Court Executive is directed to file this Order,
15 provide copies to the parties, enter judgment in favor of
16 Defendant, and **CLOSE** the file.

17     DATED this 15th day of November, 2011.

18

19                          s/ James P. Hutton
                          JAMES P. HUTTON
20             UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28